UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLINT PINEDA                                CIVIL ACTION

VERSUS                                      NO. 18-4127

POSEIDON PERSONNEL                          SECTION: "B"(2)
SERVICES S.A., ET. AL.

ORDER AND REASONS

Before the Court are: Defendant Allseas Group S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 11), Plaintiff Clint Pineda's Response in Opposition (Rec. Doc. 22), Defendant Allseas Group S.A.'s Reply (Rec. Doc. 39); Defendant Solitaire Transport Chartering (NV)'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 12), Plaintiff's Memorandum in Opposition (Rec. Doc. 23), Defendant Solitaire Transport Chartering (NV)'s Reply (Rec. Doc. 33); and Defendant Poseidon Personnel Services, S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 13), Plaintiff's Response in Opposition (Rec. Doc. 24), and Defendant Poseidon Personnel Services, S.A.'s (Rec. Doc. 35). Accordingly,

**IT IS ORDERED** that Defendant Allseas Group S.A.'s Motion to Dismiss (Rec. Doc. 11), Defendant Solitaire Transport Chartering (NV)'s Motion to Dismiss (Rec. Doc. 12), Defendant Poseidon Personnel Services, and S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 13) are **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

This is a marine personal injury case against three Defendants, Allseas Group S.A. ("AGSA"), Solitaire Transport Chartering (NV) ("STC"), and Poseidon Personnel Services, S.A. ("PPS"). AGSA is a holding company organized under the laws of Switzerland with its principal place of business in Chatel-St. Denis, Switzerland. *See* Rec. Doc. 11-1 at 1. STC is a Belgian company and the owner of the vessel that plaintiff worked aboard. *See* Rec. Doc. 12-1 at 14. PPS is a Swiss marine crew supply corporation with its principal place of business in Switzerland. *See* Rec. Doc. 13-1 at 1. Plaintiff is a resident of Marrero, Louisiana and was hired by PPS in 2001. *See id.* at 2. He was promoted to welder foreman and signed an updated contract for employment with PPS in 2013. *See id.* Plaintiff was assigned to work on the P/L SOLITAIRE. *See id.* Throughout his seventeen years of employment with PPS, plaintiff spent almost all of his time working on the P/L SOLITAIRE.[1] *See* Rec. Doc. 23 at 2. STC purchased the P/L SOLITAIRE on November 9, 2015. *See* Rec. Doc. 12-1 at 2.

On April 20, 2018, plaintiff filed a complaint alleging unseaworthiness and negligence under the Jones Act and general maritime law. *See* Rec. Doc. 1. Specifically, plaintiff alleges "that on May 24, 2016, he struck his head on a piece of angle iron

---

[1] Plaintiff states that from 2001 through 2003, he assisted with at least nine projects in the Gulf of Mexico on the P/L SOLITAIRE, operating in and out of the U.S. Ports. *See* Rec. Doc. 23 at 2.

while descending a stairwell on the P/L SOLITAIRE, which was located in The Netherlands at the time." Rec. Doc. 11-1 at 2. Plaintiff also alleges that as a result of striking his head, he suffers from "sever and permanently disabling injuries in his lumbar and cervical spine, among other body parts." Rec. Doc. 1.

AGSA, STC, PPS each filed a motion to dismiss for lack of personal jurisdiction. *See* Rec. Doc. Nos. 11, 12, 13. Plaintiff filed a response in opposition to each motion to dismiss. *See* Rec. Doc. Nos. 22, 23, 24. AGSA, STC, PPS each replied. *See* Rec. Doc. Nos. 39, 33, 35. In this Order, the Court addresses each motion, along with the relevant, subsequent filings.

**LAW AND ANALYSIS**

    **A. Personal Jurisdiction Standard**

Personal jurisdiction attaches over a foreign defendant when a defendant is amendable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with due process. *See Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990). The limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, so the inquiry is whether this Court's exercise of jurisdiction over a foreign defendant would offend due process. *See Luv N' Care, Ltd., v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Accordingly, this Court may exercise personal jurisdiction over a foreign defendant, if two requirements are satisfied. *See Clark v.*

*Moran Towing & Transp. Co.*, 738 F. Supp. 1023, 1026 (E.D. La. 1990). The first requirement is that the foreign defendant purposefully established "minimum contacts" with the forum state such that maintenance of a lawsuit does not offend traditional notions of fair play and substantial justice. *See id*. The second requirement is that it would be fair to require the foreign defendant to litigate in the forum state. *See id*. The plaintiff has the burden to make a *prima facie* showing that personal jurisdiction is proper. *See Luv N' Care, Ltd.*, 438 F.3d at 469. The Court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000). However, the Court is not required to accept conclusory allegation, even if uncontroverted. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

**B. Personal Jurisdiction Over AGSA, STC, and PPS**

**1. Minimum Contacts**

The minimum contacts analysis asks whether the foreign defendant purposely availed himself of the benefits and protections of the forum. *See Sinclair v. StudioCanal, S.A.*, 709 F.Supp.2d 496, 506 (E.D. La. 2010). Minimum contacts can arise in two ways:

4

> When a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contacts are found to exist[,] and the court may exercise its "specific" jurisdiction. Even a single, substantial act directed toward the forum can support specific jurisdiction. Where a cause of action does not arise out of a foreign defendant's purposeful contacts with the forum, however, due process requires that the defendant have engaged in "continuous and systematic contacts" in the forum to support the exercise of "general" jurisdiction over that defendant. . .. Contacts of a more extensive quality and nature are required. *Asarco, Inc.*, 912 F.2d at 786.

The Court will now analyze whether it may exercise specific or general jurisdiction over AGSA, STC, or PPS.[2]

### a. Specific Jurisdiction

Specific jurisdiction focuses on the relationship between the defendant, the forum, and the lawsuit. *See Monkton Insurance Services, Ltd. v. Ritter*, 768 F.3d 429, 432-33 (5th Cir. 2016). The relationship must arise out of contacts that the defendant himself created with the forum. *See Walden v. Fiore*, 571 U.S. 277, 277 (2014). Specific jurisdiction is appropriate when a plaintiff's claims arise out of or are related to a defendant's contacts with the forum state. *See Clark*, 738 F. Supp. at 1026. "Specific jurisdiction over a nonresident corporation is appropriate when the corporation has purposefully directed its

---

[2] Plaintiff contends that AGSA, STC, and PPS knew that they could be brought to court in this forum because Allseas entities and Allseas-affiliate entities have been sued in Louisiana district courts; however, plaintiff does not allege and none of the cases referenced by plaintiff stand for the proposition that previously being sued in a particular forum establishes minimum contacts for personal jurisdiction. Furthermore, the cases did not involve a jurisdictional issue.

activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (internal quotations omitted).

### i. AGSA

Plaintiff fails to prove that his claims arise out of or are related to AGSA's contact with Louisiana. Specifcally, Plaintiff points to the following contacts to support specific jurisdiction: (a) AGSA sent plaintiff a pendant for ten years of service; (b) AGSA sent plaintiff an identification card; (c) AGSA sent plaintiff employment-related correspondences; (d) AGSA holds P/L SOLITAIRE out as a piece of its equipment on its website; (e) another AGSA subsidiary provided guarantees on plaintiff's behalf; (f) the 2013 guarantee was written on AGSA letterhead; (g) PPS evoked its status as an AGSA subsidiary to provide guarantees on plaintiff's behalf; (h) an AGSA subsidiary was guarantor for some of plaintiff's post-incident treatment in Louisiana. *See* Rec. Doc. 22. These facts cannot support a finding that AGSA has purposely directed its activities towards Louisiana or purposely availed itself of the privileges of conducting business in Louisiana. *See Patterson v. Blue Offshore* BV, 2014 U.S. Dist. LEXIS 130990 *1, *42 (E.D. La. 2014)(holding that defendant purposefully directed its activities at the forum when defendant recruited plaintiff for employment in the forum state, made arrangements for plaintiff to travel abroad

6

from Texas, and was involved in plaintiff's medical activity *before and after* his work abroad)(emphasis in original); *Anderson v. GlobalSantaFe Offshore Servs.*, 924 F. Supp. 2d 738, 743 (E.D. La. 2013)(holding that issuing W2s to employees in Louisiana and having employee medical exams occur in Louisiana were insufficient to establish personal jurisdiction); *Mykhaylov v. Masaic Mar., Inc.*, 2004 U.S. Dist. LEXIS 22208 *1, *9 (E.D. La. 2004)(holding that the record was insufficient to support a *prima facie* case of specific jurisdiction). Furthermore, Plaintiff makes no specific allegations as to how AGSA has established an employment relationship with him. In fact, the third line of the 2013 letter plaintiff refers to states, "Clint E. Pineda is employed by Poseidon Personnel Services SA." Rec. Doc. 22-8. The Court does not find, as plaintiff alleges, that AGSA managed every aspect of plaintiff's employment either directly or through its subsidiaries. *See Clark*, 738 F. Supp. at 1026 (holding that while plaintiffs were able to show some relationship amongst the various entities, they fall short of the Supreme Court and Fifth Circuit standards for establishing specific jurisdiction). Lastly, the argument that plaintiff's claims are related to AGSA's activities in this forum because while the accident occurred in the Netherlands, the unseaworthiness of the P/L SOLITAIRE developed over time, time that was spent in the Gulf of Mexico, is unpersuasive. *See Anderson*, 924 F. Supp. 2d at 743 (finding that

minimum contacts were not established when plaintiff was injured abroad). Therefore, this Court lacks specific jurisdiction over AGSA.

### ii. STC

Plaintiff fails to prove that his claims arise out of or are related to STC's alleged contacts with Louisiana. First, Plaintiff fails to convince the Court with its arguments concerning the vessel's predecessor owner(s) and STC's successor liability. *See* Rec. Doc. 23 at 7-10. Plaintiff relies mainly on three cases. See *id.* Those cases concern a corporation that either went out of business and became a new corporation or a corporation that purchased another corporation. Neither of the three cases concern our facts, a corporation that purchased an asset or piece of equipment from another corporation. Therefore, this Court is not persuaded that it must impute alleged previous contacts by the previous owner(s) of P/L SOLITAIRE to STC. *See Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 346 (5th Cir. 2004)(finding that plaintiff failed to overcome the presumption of corporate separateness).

Furthermore, Plaintiff makes no specific allegations as to how STC has established an employment relationship with him. Plaintiff states STC is his employer under the terms of his employment agreement with PPS but offers no support or citation. *See* Rec. Doc. 23 at 11. In the next sentence plaintiff points the Court

8

to his Unsworn Declaration, Exhibit "A", ¶15. *See id*. The Court cannot help but notice that in the exhibit plaintiff declares he was hired by PPS and terminated by PPS. *See* Rec. Doc. 23-1 at 1-2. The Court does not find, as plaintiff alleges, that STC is his employer. *See Clark*, 738 F. Supp. at 1026(holding that while plaintiffs were able to show some relationship amongst the various entities, they fall short of the Supreme Court and Fifth Circuit standards to establish specific jurisdiction). Plaintiff fails to establish that his claims are related to STC's alleged contacts to this forum. *See Anderson*, 924 F. Supp. 2d at 743 (finding that minimum contacts were not establish). Therefore, this Court lacks specific jurisdiction over STC.

### iii. PPS

Plaintiff fails to prove that PPS has purposely directed its activities at Louisiana. Specifcally, Plaintiff alleges the following activities to support specific jurisdiction: (a) plaintiff was hired through references and referrals of PPS employee who resided in Louisiana; (b) plaintiff spent almost all of his employment time working in the Gulf of Mexico; (c) PPS handled and paid for all of plaintiff's travel to and from Louisiana; (d) plaintiff was required to undergo annual physicals in Louisiana; (e) PPS is obligated to pay for plaintiff's medical treatment; and (f) PPS may be overseeing plaintiff's post-incident medical treatment. *See* Rec. Doc. 24 at 7-12.

Plaintiff mainly relies on three cases: *Patterson v. Blue Offshore BV*, 2014 U.S. Dist. LEXIS 130990 *1 (E.D. La. 2014), *Foster v. GlobalSantaFe Offshore Servs., No. 13-65*, 2013 U.S. Dist. LEXIS 110437 *1 (E.D. La. 2013), and *Coats v. Penrod Drilling Corp.*, 5 F.3d 877 (5th Cir. 1993). *See* Rec. Doc. 24 at 7-12. These cases are on point. However, plaintiff misses the mark set by these cases. For example, in *Patterson*, the Court established that the defendant had directed its activities at the United States. U.S. Dist. LEXIS 130990 at *43. The defendant had allegedly communicated directly with the plaintiff with the intent of recruiting him; arranged travel for plaintiff with the intent of recruiting him; sought assurances that plaintiff would obtain necessary medical reports in Texas; and had someone fly back to Texas with plaintiff and take plaintiff to a local Texas hospital after he was injured abroad on the vessel. *See id*. Plaintiff does not allege that PPS directly recruited him in Louisiana or was so closely involve in his medical activities in Louisiana. In *Foster*, the Court decided that it was likely to have specific jurisdiction over the defendants because the defendants sponsored three mandatory training sessions in Louisiana. 2013 U.S. Dist. LEXIS 110437 *8. Plaintiff does allege that PPS held any trainings or similar events in Louisiana. In *Coats*, the Court concluded that the defendant was doing business in the forum state. 5 F.3d at 883. The defendant performed various acts in the forum state: held a meeting;

advertised job postings; agreed to fly plaintiff back and forth every year; returned plaintiff there after his injury and started paying medical expenses; and replaced plaintiff with another resident of the forum state after plaintiff was injured. Plaintiff does not allege that PPS held any meetings or advertised any job postings in the Louisiana to recruit him.

Plaintiff sufficiently alleges that he was referred to PPS by residents of Louisiana, spent most of his time working in the Gulf of Mexico, had some of his expenses covered by PPS, and underwent annual physicals in Louisiana; however, plaintiff insufficiently alleges contacts that PPS created itself with Louisiana. The activities that plaintiff points the Court to cannot support a finding that PPS has directed its activities at Louisiana. *See Mykhaylov*, 2004 U.S. Dist. LEXIS 22208 at *9 (holding that the record was insufficient to support a *prima facie* case of specific jurisdiction). Therefore, this Court lacks specific jurisdiction over PPS.

### b. General Jurisdiction

General jurisdiction focuses on whether a foreign defendant maintains continuous and systematic contacts with the forum state. *See Clark*, 738 F. Supp. at 1026. If a plaintiff can prove that a foreign defendant's contacts with forum state are so extensive to render it "at home" in the forum state, general jurisdiction is appropriate, even if plaintiff's claims are unrelated to the

11

contacts. *See Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Cent. Freight Lines, Inc., v. APA Trans. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). This is not an easy standard to meet. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)(The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum.").

For a corporation, its place of incorporation and principal place of business are paradigm bases for general jurisdiction. *See Sarkar v. Petroleum Co. of Trinidad & Tobago*, 2016 U.S. Dist. LEXIS 82175 *1, *70 (S. D. Tex. 2016). In other words, a corporation, in most instances, is "at home" at its place of incorporation and principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). But, a court can assert jurisdiction over a foreign defendant corporation when "the corporation's affiliations with the [forum state] in which suit is brought are so constant and pervasive as to render it essentially home in the forum [s]tate." *Sarkar*, 2016 U.S. Dist. LEXIS 82175 at *70 (citing to *Daimler AG*, 134 S. Ct. at 751). The activities of a parent corporation cannot be imputed to a subsidiary for purpose of establishing personal jurisdiction when there is separation between the two, even if the separation is merely formal. *See Clark*, 738 F. Supp. at 1028 (citing to *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925).

### i. AGSA

AGSA is not "at home" in Louisiana. Plaintiff's attempt to prove otherwise by pointing the Court to projects listed on AGSA's website, one approximately 80 miles off the Louisiana coast, is insufficient to establish general jurisdiction. *See e.g. Johnston*, 523 F.3d at 614; *Asarco, Inc.*, 912 F.2d at 787 (finding that various activities did not amount to general jurisdiction as the foreign defendant was not registered do business in forum state, did no own, posses, or use property in the forum state, and did not have a mailing address or bank account in the forum state).[3] In fact, the cases that plaintiff cite to support this argument concern venue not personal jurisdiction. *See* Rec. Doc. 22 at 13-14. Furthermore, plaintiff pointing the Court to 290 projects worldwide and stating that it appears that only the North Sea region has a higher volume of past projects than the Gulf of Mexico is unpersuasive. *See Asarco, Inc.*, 912 F.2d at 787. Plaintiff's recollection of working on at least nine projects in the Gulf of Mexico over his seventeen years of employment is insufficient for this Court to establish general jurisdiction. *See id*.

Plaintiff's attempt to impose personal jurisdiction on AGSA through its subsidiaries is unconvincing as Plaintiff does not

---

[3] Plaintiff also points to language on AGSA's website that states: "[Allseas] also operates a project and engineering office in Australia, Brazil, and the USA." *Id*. at 13. The Court finds this, when evaluate with all facts, is insufficient to establish general jurisdiction.

allege any common accounting schemes, officers, or use of employees. Plaintiff merely alleges that AGSA essentially owns PPS and STC along with other general, conclusory allegations. *See Clark*, 738 F. Supp. at 1026 (stating that a plaintiff must establish more than 100% stock ownership and commonality of officer to establish general jurisdiction). Such allegations cannot satisfy the general jurisdiction's high standard. *See Freudensprung*, 379 F.3d at 346 (finding that plaintiff failed to overcome the presumption of corporate separateness); *Clark*, 738 F. Supp. at 1026. Therefore, this Court lacks general jurisdiction over AGSA.

### ii. STC

Plaintiff fails to meet his burden. Specifically, Plaintiff alleges that case law concerning P/L SOLITAIRE proves STC's continuous and systematic contacts with this forum. *See* Rec. Doc. 23 at 13. Plaintiff also alleges that from 2001 through 2013 he worked on at least nine prolonged projects in the Gulf of Mexico on the P/L SOLITAIRE to establish general jurisdiction. See *id*. at 16. These arguments fail as the alleged contacts are sporadic rather than continuous and systematic. *See Asarco, Inc.*, 912 F.2d at 787 (holding that 20 calls were insufficient to establish general jurisdiction as two of the calls occurred one year, nine of the calls occurred another year, and three in another year). STC's work in the Gulf of Mexico does not demonstrate the requisite

contacts within the United States as a whole to satisfy due process. *See id*. Therefore, this Court lacks general jurisdiction over STC.

### iii. PPS

PPS is not at home and does not a business presence in Louisiana. Plaintiff attempts to prove otherwise, stating that PPS has developed extensive contacts with this forum because it regularly employs both U.S. citizen and Louisiana residents. *See* Rec. Doc. 24 at 13. This is not persuasive because where employees chose to live does nothing to show that the PPS purposefully availed itself of the benefits of Louisiana such that it could reasonably anticipate being hauled into court here. *See Anderson*, 924 F. Supp. 2d at 744 (E.D. La. 2013). Furthermore, PPS's contacts with the waters off the coast of Louisiana does not demonstrate the requisite contacts within the United States as a whole to satisfy due process. *See Asarco, Inc.*, 912 F.2d at 787. Therefore, this Court lacks general jurisdiction over PPS.

### 2. Fairness

The Court will not analyze the several factors laid out in *Asahi Metal Industries v. Superior Court of California*, 480 U.S. 102 (1987) to establish whether the exercise of jurisdiction over AGSA, STC, or PPS "offend[s] traditional notion[s] of fair play and substantial justice." *Mykhaylov*, 2004 U.S. Dist. LEXIS 22208 at *8 (citing to *International Shoe Co. v. Washington*, 326 U.S.

15

310, 319 (1945)). Plaintiff fails to meet his burden as to minimum contacts; therefore, an analysis of fairness is unnecessary. *See id.* (not analyzing fairness after holding that neither specific nor general jurisdiction were established).

### C. Federal Rule of Civil Procedure 4(k)(2) is Not Applicable

Personal jurisdiction can also be established pursuant to Rule 4(k)(2). "[Rule 4(k)(2)] was enacted to fill an important gap in the jurisdiction of federal courts in cases arising under federal law." *Ogden v. GlobalSantaFe Offshore Servs.*, 31 F.Supp.3d 832, 841 (E.D. La. 2014). Specifically, the rule "sanctions personal jurisdiction over foreign defendants . . . when the defendant has sufficient contacts with the nation as a whole to justify the imposition of [United States] law but without sufficient contacts to satisfy . . . the long-arm statute of any particular state." *World Tanker Carriers Corp. v. MV YA MAWLAYA*, 99 F.3d 717, 720 (5th Cir. 1996). In relevant part, Rule 4(k)(2) states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Accordingly, to exercise personal jurisdiction pursuant to Rule 4(k)(2), the court must establish that (1) the claims against the defendant arise under federal law; (2) the defendant does not

concede to jurisdiction in another state; and (3) the defendant has sufficient ties to the United States as a whole to satisfy due process concerns. *See Patterson*, 2014 U.S. Dist. LEXIS 130990 at *24.

The first two prongs are clearly met. Plaintiff alleges unseaworthiness and negligence under the Jones Act and general maritime law, so his claims arise under federal law for purpose of Rule 4(k)(2). *See id.* at *29. AGSA, STC, and PPS have not conceded to jurisdiction to any other state. The final prong calls for a closer look. Accordingly, the Court will now analyze whether AGSA, STC, or PPS has sufficient ties to the United States as a whole.

### i. AGSA

Plaintiff fails to establish that AGSA has sufficient ties to the United States. AGSA's "work [over the years] in the Gulf of Mexico" does not demonstrate the requisite contacts within the United States as a whole to satisfy due process. *See Asarco, Inc.*, 912 F.2d at 787 (holding that 20 calls were insufficient to establish general jurisdiction because they spread over a five-year period).

### ii. STC

Plaintiff fails to establish that STC has sufficient ties to the United States. STC's work in the Gulf of Mexico does not demonstrate the requisite contacts within the United States. *See id.* Furthermore, plaintiff's reliance on *O'Berry v. Ensco Int'l*,

*LLC*, 2017 U.S. Dist. LEXIS 39260 *1 (E.D. La. 2017) is misplaced. The Court in that case found Rule 4(k)(2) jurisdiction because plaintiff pointed to three highly ranked employees operating a headquarters in Houston. *See O'Berry v. Ensco Int'l, LLC*, 2017 U.S. Dist. LEXIS 39260 *1, *20 (E.D. La. 2017).[4] Plaintiff attempts to simplify the Court's holding, stating that that Court established Rule(4)(k)(2) where defendant had three U.S. employees. *See* Rec. Doc. 23 at 16. The Court is not persuaded that STC having two U.S. employees is sufficient to establish general jurisdiction. *See Anderson*, 924 F. Supp. 2d at 743 (holding that the Court lacked personal jurisdiction over a foreign defendant with 40 employees living in Louisiana). Therefore, Rule 4(k)(2) is inapplicable as to STC.

### iii. PPS

Plaintiff fails to establish that PPS has sufficient ties to the United States. Specifically, plaintiff argues that, in addition to PPS working in the Gulf of Mexico through regular utilization of U.S. ports, PPS regularly assigns employees who are U.S. citizens from multiple states to prolong projects in the Gulf of Mexico and elsewhere. *See* Rec. Doc. 24 at 18. The Court finds this argument unconvincing. *See Asarco, Inc.*, 912 F.2d at 787;

---

[4] Specifcally, the O'Berry Court wrote: "Plaintiff, however, has demonstrated that ENSCO plc has sufficient minimum contacts with the United States as a whole. Plaintiff points out that ENSCO plc "maintains a U.S.-based western hemisphere operational headquarters in Houston which is staffed by three Senior Vice Presidents and apparently Senior Legal Counsel (i.e., personnel)."

*Anderson*, 924 F. Supp. 2d at 744. Therefore, Rule 4(k)(2) is inapplicable as to PPS.

**D. Jurisdictional Discovery**

Plaintiff argues for jurisdictional discovery. Specifically, Plaintiff seeks jurisdictional discovery to investigate what entity is administering plaintiff's injury-related treatment; where specifically Allseas conducted its operation in and around the Gulf of Mexico; STC's status a successor entity to the P/L SOLITAIRE's prior owners; STC's and PPS's relationship with him (the plaintiff), this forum, and the United States as a whole; and the authors of PPS's unsworn declarations. *See* Rec. Doc. 22 at 21; Rec. Doc. 23 at 17; Rec. Doc. 24 at 20. However, none of these subjects raise an issue as to the potential existence of any fact which would support personal jurisdiction over AGSA, STC, or PPS. *See Monkton Ins. Sers.*, 768 F.3d at 434 (citing to *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009); *contra Patterson*, 2014 U.S. Dist. LEXIS 130990 at *51 (establishing personal jurisdiction where foreign defendant escorted plaintiff to a hospital in the forum state and failed to pay for his medical treatment). Plaintiff also seeks to investigate what entity has been administering, managing, and paying for his post-incident medical treatment. *See* Rec. Doc. 24 at 12. While a defendant's role in a plaintiff's medical activities is important to the jurisdictional analysis, establishing that PPS is, at arm's

length, involved in plaintiff's treatment in Louisiana has no potential to support personal jurisdiction over PPS. *See Patterson*, 2014 U.S. Dist. LEXIS 130990 at *43 (establishing personal jurisdiction where foreign defendant was closely involved in plaintiff's medical activities). Therefore, jurisdictional discovery is not warranted and, plaintiff's request is denied. *See Mykhaylov*, 2004 U.S. Dist. LEXIS 22208 at *13.

New Orleans, Louisiana, this 20th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE